# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs December 12, 2001

## MELVIN PEACOCK v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 95-B-1348     J. Randall Wyatt, Jr., Judge**

---

**No. M2001-00831-CCA-R3-PC - Filed January 31, 2002**

---

Through his 2000 post-conviction petition, Melvin Peacock seeks to avoid his 1996 Davidson County jury convictions of possession of cocaine for resale and felony possession of a weapon, for which he received an effective sentence of 20 years. After appointing post-conviction counsel and holding an evidentiary hearing on the petitioner's single issue of whether he received ineffective assistance of trial counsel, the lower court denied post-conviction relief. Because the record supports the court's decision, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOE G. RILEY and JOHN EVERETT WILLIAMS, JJ., joined.

Daniel L. McMurtry, Nashville, Tennessee, for the Appellant, Melvin Peacock.

Paul G. Summers, Attorney General & Reporter; Thomas E. Williams, III, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Dan Hamm, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

A complete recitation of the facts underlying the cocaine- and weapon-possession convictions is set forth in this court's opinion affirming the convictions, *see State v. Melvin Lewis Peacock*, No. 01C01-9704-CR-00118 (Tenn. Crim. App., Nashville, July 9, 1998), *perm. app. denied* (Tenn.1999), but here we need only recite a few facts. The convictions were supported by physical evidence, including a safe and its contents, that was seized via the execution of a search warrant. The officers discovered cocaine and the weapon inside the safe, but it was several months later before the officers discovered automobile title documents inside the safe. Whereas the petitioner's defense had rested upon his denial of ownership of the contraband and disavowal of knowledge of the safe, the title documents linked the safe to the petitioner.

The petitioner moved to suppress the safe and its contents, and the trial court conducted a suppression hearing and denied the motion, all before the discovery of the documents. After the discovery of the title documents, counsel moved *in limine* for an order to exclude the title documents from evidence on the grounds that the evidence was an unfair eve-of-trial surprise to the defense and that the chain of custody of the documents was flawed. The trial court continued the trial of the case but denied the motion *in limine*. At trial, the title documents were submitted as evidence, and the jury convicted the petitioner of possession of cocaine with intent to sell and of felony possession of a weapon.

In his post-conviction petition, the petitioner claims that his trial counsel ineffectively assisted him when he responded to the discovery of the title documents by filing a motion *in limine*, rather than moving to suppress and obtaining an evidentiary suppression hearing. In denying post-conviction relief, the trial court ruled that trial counsel performed his duties in a "diligent and competent manner."

The burden rests upon a post-conviction petitioner to prove his claims by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997).

When a convicted defendant claims that he received ineffective assistance of counsel during his or her criminal proceeding, the court must determine whether the representation fell within the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). To establish the ineffectiveness claim, the defendant – in this case, a petitioner in a post-conviction proceeding – must show that counsel's representation fell below a standard of reasonableness and that the deficient performance prejudiced the defense. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). The failure to prove *either* deficient performance or consequent prejudice results in a denial of relief. *Henley v. State*, 960 S.W.2d 572, 580 (Tenn. 1997).

In the present case, the petitioner failed to show by clear and convincing evidence that his trial counsel deficiently performed. Prior to the discovery of the title documents inside the safe, counsel had already filed a motion to suppress the safe and its contents and had been heard on his motion. The trial court denied the motion. Later, the title documents were discovered to be additional contents of the safe, but it is clear that the trial court had ruled that the safe *and its contents* were admissible. In fact, the denial of the motion to suppress was later upheld on direct appeal. *See Melvin Lewis Peacock*, slip op. at 3-5 ("The suppression issue turns on whether Officer Donegan did in fact leave a copy of the search warrant with the defendant [, and] . . . the evidence does not preponderate against the court's finding that Officer Donegan gave the defendant a copy of the warrant."). The revelation of the title documents implicated no new "search and seizure grounds" for seeking suppression, and counsel thus turned to issues of exclusion – newly discovered inculpatory evidence and a broken chain of custody – which he raised through a motion *in limine*. These issues were fully aired before the trial court, which denied relief. The post-conviction judge opined that trial counsel did all that he could to repel the prejudicial evidence of the title documents.

Because the record supports the post-conviction court's findings, we affirm its judgment.

-2-

_____
JAMES CURWOOD WITT, JR., JUDGE